[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 14, 2005
THOMAS K. KAHN
CLERK

No. 02-12924

D. C. Docket No. 01-00028-CR-01-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL M. DRURY, JR., M.D.,
Doctor,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Georgia

**(January 14, 2005)**

Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON and PRYOR, Circuit Judges.

BY THE COURT:

On February 3, 2004, we granted rehearing en banc to consider whether the purely intrastate use of a facility of interstate commerce -- namely, a telephone -- satisfied the jurisdictional requirements of 18 U.S.C. § 1958, the federal murder-for-hire statute.  See United States v. Drury, 358 F.3d 1280 (11th Cir. 2004).  The linguistic issue in the case was the meaning of the phrase "uses . . . any facility in interstate or foreign commerce" -- specifically, whether "in interstate . . . commerce" modified "uses" or "facility."

In the time since we granted rehearing en banc, Congress has amended the statute to resolve definitively that precise question.  As part of the Intelligence Reform and Terrorism Prevention Act of 2004, Pub. L. No. 108-458, 118 Stat. 3638, Congress amended § 1958 by "striking 'facility in' and inserting 'facility of.'" Id. § 6704.  The new version of § 1958 thus reads, "Whoever . . . uses . . . any facility of interstate or foreign commerce . . . .", thereby obviating the question of statutory construction at issue in this case for all future convictions under § 1958. This amendment makes clear that § 1958 now establishes federal jurisdiction whenever any "facility of interstate commerce" is used in the commission of a murder-for-hire offense, regardless of whether the use is interstate in nature (i.e. the phone call was between states) or purely intrastate in nature (i.e. the phone call was made to another telephone within the same state).

2

In light of this development, this case no longer merits en banc review. Rehearing en banc is disfavored and ordinarily will not be ordered unless it is necessary to maintain uniformity in the Court's decisions or -- as was the case here -- if "the proceeding involves a question of exceptional importance." Fed. R. App. Proc. 35(a); see also 11th Cir. R. 35-3. Simply put, this case no longer involves such a question. We therefore VACATE the order of February 3, 2004 insofar as it grants rehearing en banc in this case. We do not, however, reinstate the panel opinion, and instead we REMAND the case to the panel for further consideration.